UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SCOTT DYE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AECOM FEDERAL/TECHNOLOGIES, *et al.*, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 1:22-cv-532 (RDA/TCB) |

## REPORT & RECOMMENDATION

This matter comes before the Court on *pro se* Plaintiff Scott Dye's ("Plaintiff") motion to proceed *in forma pauperis* ("IFP"). (Dkt. 43.) The denial of an IFP motion may, in certain circumstances, dispose of the case. As a result, magistrate judges lack the authority to affirmatively deny them. *See Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (per curiam). Accordingly, the undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), recommending that Plaintiff's IFP Motion be denied.

Pursuant to 28 U.S.C. § 1915, a federal court may allow certain litigants to commence and prosecute a civil action without paying the required fees. *See DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003). The statute "is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation." *See Justice v. Hobgood*, No. 5:13-CV-077-BR, 2014 WL 12495256, at *1 (E.D.N.C. May 27, 2014) (citing *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981)). To qualify, an indigent litigant must file an affidavit that includes statements of the litigant's assets and his inability to pay fees. *See* 28 U.S.C. § 1915(a)(1); *Gilmore*, 315 F.3d at 398. A litigant need

1

not prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). However, "IFP status is a privilege, not a right, and is only available to a litigant who establishes an inability, due to poverty, to pay the requisite filing fees and still provide for the necessities of life." *El v. U.S. Dep't of Commerce*, No. 2:15cv532, 2016 WL 9223874, at *1 (E.D. Va. Sept. 21, 2016) (citation and internal quotations omitted). Although not entirely dispositive, courts consistently rely on the current Department of Health and Human Services federal poverty guidelines when considering an IFP motion. *See, e.g., id.*; *Justice*, 2014 WL 12495256, at *3. The geographically relevant federal poverty guidelines are $32,470 for a five-person household. *See* Annual Update of HHS Poverty Guidelines, 86 Fed. Reg. 773 (Jan. 21, 2022).

Here, Plaintiff appears to report a joint monthly income between $4,400.00 to $10,800.00. (Dkt. 43 at 1-2.) Accordingly, his annual take-home income is approximately $52,800.00 to $129,600.00. (*See id.*) Plaintiff reports his household to be a five-person household, including his spouse and three children. Assuming Plaintiff has a five-person household, it appears he lies on or above the $32,470 poverty guideline. While Plaintiff references financial difficulties, those difficulties do not convince the undersigned that Plaintiff should qualify for *in forma pauperis* status. Based on these facts, the undersigned believes that Plaintiff could pay the filing fee and still provide for the necessities of life.

Therefore, the undersigned RECOMMENDS that Plaintiff's IFP Motion be denied.

## NOTICE

The parties are notified that objections to these proposed findings of fact and recommendations must be filed within 14 days of service of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C). A failure to file timely objections waives appellate review of the substance of these proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on these proposed findings of fact and recommendations.

The Clerk is directed to send a copy of this Report and Recommendation to Plaintiff at the following address of record:

Scott Dye
700 Perry Drive
Fredericksburg, VA 22405

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

June 28, 2022
Alexandria, Virginia

3